451 So.2d 226 (1984)
William Hughes MOORE
v.
Mary Elizabeth McDaniel MOORE
No. 54271.
Supreme Court of Mississippi.
June 6, 1984.
John H. Ott, Guy, Whittington & Ott, McComb, for appellant.
Michael B. Cupit, Mounger, Mounger & Cupit, Tylertown, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
The question presented by this appeal is whether Mississippi Rule of Civil Procedure 12(a) granting the defendant thirty (30) days within which to file an answer applies to a motion to cite for contempt for failure to pay child support. The court holds that Rule 12(a) does not apply, but Rule 6(d) and Rule 81 control.

I.
On June 21, 1982 Mary Elizabeth McDaniel Moore filed a "Motion for Citation for Contempt" for failure of her ex-husband, William Hughes Moore, to pay child support. A fiat dated the same date directed issuance of process for a hearing set for July 6, 1982, and personal process was served on the defendant on June 24, 1982.
On July 2, 1982, Moore filed a motion to dismiss, or in the alternative for a continuance asserting that he was denied thirty (30) days within which to avail himself of discovery, prepare his answer and cross-complaint and ready for trial. The trial judge overruled the motions, but set the hearing for trial on July 8, 1982. At trial the appellant was found to be in contempt and ordered to pay back child support and attorneys' fees.

II.
The assignments of error to this Court address only the denial of the appellant's motion for a dismissal, or in the alternative, a continuance, on the ground that the appellant was denied his due process right to a fair trial for lack of time to prepare his defense, including discovery time.
A study of several of the rules of the Mississippi Rules of Civil Procedure is necessary for a complete analysis.
The appellant contends that this question is controlled by Rule 12(a) of the MRCP granting a defendant thirty (30) days after service of summons and complaint upon him to file his answer.
However, this motion for citation for contempt falls within Rule 81, Mississippi Rules of Civil Procedure, entitled Applicability *227 of Rules.[1] Rule 81(a) provides that certain civil actions have only limited applicability, and those civil actions with limited applicability are generally governed by statutory procedures. MCA, Title 93 (1972), concerning domestic relations, is one such category with limited applicability. MRCP 81(a)(9).
Further, under MRCP 81(d) "enforcement of such judgments by contempt proceedings or otherwise, shall be governed by the provisions of these rules as to motions." It is of no concern by which term the pleading is denominated, whether called a complaint, petition, or motion, so long as the substantive matter is covered within the pleading contains allegations of contempt.
Motion practice under the MRCP 6(d) specifically states that notice of the hearing shall be served not later than five (5) days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court. In calculating the five days time period, however, a party must remember that computation of a period of time less than seven days must exclude intermediate Saturdays, Sundays, and legal holidays. MRCP Rule 6(a). The effect, then for both these provisions is to require, as a minimum, an actual seven (7) day period of time for hearings on motions. We conclude that five days process, excluding Saturdays, Sundays and holidays is sufficient for a contempt hearing under the new rules.
The chancery court procedure prior to adoption of these rules was to permit a chancellor authority to hear vacation matters by special order on service of summons five (5) days before the return date thereof. MCA §§ 9-5-99 and 9-5-91. Likewise, in matters concerning "minors' business," cases are triable on five (5) days service when the summons is made returnable to a regular term of court. MCA § 11-5-67. These new rules of procedure are an extension of our former procedure in regard to these domestic relation matters.
It should be noted, however, that a chancellor may in his discretion grant continuances on proper motion. MCA §§ 11-7-123 and 9-5-101 (1972). This decision will obviously be based upon the issues involved in a particular suit where more than five days notice is necessary to insure a fair trial to the defendant.
In this case the chancellor was within his discretion in denying a continuance for a hearing on non-payment of child support. This type case is of such subject matter that chancery courts should have authority to address the case at the earliest possible time to afford relief to minors as well as due process to defendants.
We find the chancellor's action proper and within his discretion. Finding no error, we affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and BOWLING, HAWKINS, DAN M. LEE and SULLIVAN, JJ., concur.
ROBERTSON, J., not participating.
NOTES
[1] These rules are published at pages 1-241, Vol. 395-397 So.2d, Mississippi cases. The effective date of the rules was January 1, 1982.