# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00202-SCT

*TONY LEE BLAND*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/15/97 |
| TRIAL JUDGE: | HON. GEORGE C. CARLSON, JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | ROBERT L. WILLIAMS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/23/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/13/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

On November 7, 1994, Tony Lee Bland pled guilty to one count of armed robbery. Following a hearing on the guilty plea, Bland was sentenced to 40 years as a habitual offender for armed robbery by the DeSoto County Circuit Court, with 25 years suspended, in the custody of the Mississippi Department of Corrections.

On September 3, 1996, Bland filed a petition for post-conviction relief in the Circuit Court of DeSoto County. In his petition, Bland alleged that the charging indictment did not sufficiently plead the essential and material elements of the offence he was accused of committing. The trial court summarily dismissed the petition and denied relief. Bland now appeals to this Court from the denial of his petition.

**FACTS**

On July 28, 1994, Tony Lee Bland was indicted for armed robbery by a DeSoto County Grand Jury. On November 7, 1994, Bland entered a plea of guilty to one count of armed robbery. The trial court accepted Bland's plea of guilty and sentenced him as a habitual offender to serve 40 years, with 25 years suspended on condition of good behavior, in the custody of the Mississippi Department of Corrections.

On September 3, 1996, Bland filed a Motion for Post-Conviction Relief wherein he alleged that the indictment he was charged under did not present a charge of the offence he was accused of committing; that the indictment was improperly amended by the trial court; and that as a result, the indictment should be dismissed and the sentence vacated.

On January 15, 1997, the trial court summarily dismissed the petition without an evidentiary hearing and denied all relief. The trial court specifically held:

> The indictment meets all of the requirements of Rule 7.06. Although the indictment does not contain the words "Armed Robbery", the indictment recites almost verbatim the elements of the crime listed in 97-3-79, which is all that is necessary to advise an accused of the charge against him. . . . The indictment in this case contained an error in regard to the case number of Bland's second conviction in Tennessee. This error was corrected in the sentencing hearing in front of the defendant. This amendment is a mere technicality, as the conviction was proven by documentation at the hearing.

Aggrieved, Bland now appeals to this Court, citing the following issues:

**I. WHETHER BLAND WAS ENTITLED TO AN EVIDENTIARY HEARING.**

**II. WHETHER BLAND'S INDICTMENT WAS DUPLICITOUS AND RESULTED IN DOUBLE JEOPARDY.**

**III. WHETHER THE TRIAL COURT'S AMENDMENT OF THE INDICTMENT WAS ERROR.**

**DISCUSSION OF LAW**

**I. WHETHER BLAND WAS ENTITLED TO AN EVIDENTIARY HEARING.**

Bland contends that the trial court erred in not granting an evidentiary hearing to determine whether the indictment was defective. The State argues that because there was no affidavit included by Bland his petition should fail.

Bland failed to attach his own affidavit to his motion as required by Miss. Code Ann. § 99-39-9(1)(d) which states that a motion for post-conviction relief shall contain "[a] separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner." **Miss. Code Ann.** § 99-39-9(1)(d) (1994). As such, Bland was not entitled to an evidentiary hearing. *See **Campbell v. State***, 611 So. 2d 209, 210 (Miss. 1992) (holding that in a post-conviction relief motion alleging ineffective assistance of counsel failure to provide affidavits of other

witnesses did not satisfy pleading requirements and denial of petition by trial court without evidentiary hearing was proper).

However, this Court has held that where "a prisoner is proceeding pro se, we take that fact into account and, in our discretion, credit not so well pleaded allegations . . . to the end that a prisoner's meritorious complaint may not be lost because inartfully drafted." *Moore v. Ruth*, 556 So. 2d 1059, 1061 (Miss. 1990) (citations omitted). However, this leniency is to substance and not form, and thus, where a motion does not meet the basic pleading requirements, the petitioner has not made the requisite showing to entitle him to relief. *See, e.g.*, *Myers v. State*, 583 So. 2d 174, 176 (Miss. 1991); *Harris v. State*, 578 So. 2d 617, 619 (Miss. 1991); *Wright v. State*, 577 So. 2d 387, 389 (Miss. 1991).

Despite this procedural flaw, Bland's contention that the trial court erred by not granting him an evidentiary hearing fails as a matter of law. This Court has held that no evidentiary hearing is required for post-conviction relief cases involving "pure question[s] of law" or where "there are no facts disputed or disputable." *Milam v. State*, 578 So. 2d 272, 273 (Miss. 1991); *see also Marshall v. State*, 680 So. 2d 794, 795 (Miss. 1996) (stating evidentiary hearing not required where "it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief"); *Jordan v. State*, 577 So. 2d 368, 369 (Miss. 1990) (holding petition may be summarily dismissed without evidentiary hearing where movant is not entitled to any relief); *Brooks v. State*, 573 So. 2d 1350, 1352 (Miss. 1990) (stating that petitioner is entitled to evidentiary hearing unless claims are manifestly without merit). Miss. Code Ann. § 99-39-11(2) provides that "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified." **Miss. Code Ann.** § 99-39-11(2) (1994). However, "if the application meets [the] pleading requirements and presents a claim procedurally alive 'substantial[ly] showing denial of a state or federal right,' the petitioner is entitled to an in court opportunity to prove his claims." *Neal v. State*, 525 So. 2d 1279, 1281 (Miss. 1987) (quoting **Miss. Code Ann.** § 99-39-27(5) (Supp. 1986)).

In the instant case, Bland in his petition before the trial court alleged that the indictment was defective because it did not state a "Charge of Offence". This Court has held that "[t]he question of whether an indictment is fatally defective is an issue of law . . . ." *Peterson v. State*, 671 So. 2d 647, 652 (Miss. 1996). Thus, in accordance with *Milam v. State*, the trial court correctly denied an evidentiary hearing, for all Bland raised in his motion for post-conviction relief before the trial court was that the indictment was defective.

However, it should be noted that the trial court correctly reviewed Bland's indictment to determine its sufficiency and concluded that the indictment met all the requirements of Rule 7.06 of the Uniform Circuit and County Court Rules. The trial court specifically held that "[a]lthough the indictment does not contain the words 'Armed Robbery', the indictment recites almost verbatim the elements of the crime listed in 97-3-79, which is all that is necessary to advise an accused of the charge against him."

On appeal, Bland argues that an evidentiary hearing should have been held because his plea of guilty was unintelligently and involuntarily made as a result of coercion by his attorney. Bland further contends that the trial court's denial of his motion for post-conviction relief without an evidentiary

hearing was application of an impermissible per se rule prohibiting collateral attack on a plea in all circumstances simply because transcript of guilty plea hearing on its face reflects recitation of voluntariness and awareness of consequence of plea, and thus, the case should be reversed and remanded for a full evidentiary hearing. This Court has continuously held that "[a] trial court cannot be put in error on a matter not presented to the court for decision." *Chase v. State*, 645 So. 2d 829, 846 (Miss. 1994), *cert. denied*, 515 U.S. 1123 (1995); *Jones v. State*, 606 So. 2d 1051, 1058 (Miss. 1992); *Crenshaw v. State*, 520 So. 2d 131, 134-35 (Miss. 1988). Thus, since Bland did not raise these issues at the trial court level, he is barred from raising them on appeal.

As a result, we find that the trial court correctly denied Bland's motion without holding an evidentiary hearing because the only issue presented for review was a pure question of law and, as such, did not warrant an evidentiary hearing. *Milam*, 578 So. 2d at 273.

## II. WHETHER BLAND'S INDICTMENT WAS DUPLICITOUS AND RESULTED IN DOUBLE JEOPARDY.

Bland contends that the indictment he was arrested under should be dismissed as being duplicitous because count 2 of the indictment charged both Frederick O. Johnson and Tony Lee Bland. Bland further contends that because the indictment was duplicitous it resulted in double jeopardy. However, this issue was not raised before the trial court and is thus barred on appeal. This Court has continuously held that "[a] trial court cannot be put in error on a matter not presented to the court for decision." *Chase v. State*, 645 So. 2d 829, 846 (Miss. 1994), *cert. denied*, 515 U.S. 1123 (1995); *Jones v. State*, 606 So. 2d 1051, 1058 (Miss. 1992); *Crenshaw v. State*, 520 So. 2d 131, 134-35 (Miss. 1988).

Alternatively, discussion of this issue proves it to be without merit. A duplicitous indictment is one that charges two or more separate and distinct crimes in a single count. *United States v. Hixon*, 987 F.2d 1261, 1265 (6th Cir. 1993). Bland contends that count 2 of the indictment charges both Johnson and himself with the crime of aiding and abetting. Count 2 of the indictment charged the following:

> That FREDERICK O. JOHNSON (a/k/a "Big Juicy"), Late of the County aforesaid, on or about the 6th day of June, in the year of our Lord 1994, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully, and feloniously, aid and assist Tony Lee Bland, knowing that Tony Lee Bland had committed a felony, to-wit: Armed Robbery, with the intent of FREDERICK O. JOHNSON (a/k/a "Big Juicy") to enable Tony Lee Bland to avoid arrest, trial, conviction and punishment after the commission of said felony by Tony Lee Bland, in direct violation of Section 97-1-5, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.

Thus, it is clear on the face of count 2 that only Frederick O. Johnson was charged with the crime of aiding and abetting and no charge was made against Bland. Further, at the plea hearing, Bland pled guilty to one count of armed robbery, and was sentenced for one count of armed robbery. As a result, we find this issue is without merit.

## III. WHETHER THE TRIAL COURT'S AMENDMENT OF THE INDICTMENT WAS ERROR.

Bland asserts that the trial court's amendment of the indictment to correct the case number for one of the Tennessee convictions amounted to a substantive change, for Bland could be prosecuted as a habitual offender and receive an enhanced punishment. Bland contends that the incorrect case number was not a mere technical error that could be amended by the trial court.

This Court has held that "the [trial] court has no power to amend an indictment as to the matter of substance without the concurrence of the grand jury by whom it was found, although amendments as to mere informalities may be made by the [trial] court." *Quick v. State*, 569 So. 2d 1197, 1199 (Miss. 1990). This Court has allowed the amendment of the indictment in several cases. *See Doby v. State*, 532 So. 2d 584, 587 (Miss. 1988) (allowing amendment of indictment to change date of alleged sale of cocaine); *Norman v. State*, 385 So. 2d 1298, 1301 (Miss. 1980) (allowing amendment of incorrect date of crime); *Torrence v. State*, 283 So. 2d 595, 597 (Miss. 1973) (allowing amendment of indictment with two dates, one of which is impossible and apparently a clerical error).

In the case sub judice, the indictment incorrectly stated the case number for one of Bland's prior convictions in Tennessee. During the guilty plea hearing, the trial court amended the indictment to state the correct case number for Bland's second conviction. The case number was amended from 90-55138 to 90-05513. In its order denying Bland's petition, the trial court concluded:

> The indictment in this case contained a typographical error in regard to the case number of Bland's second conviction in Tennessee. This error was corrected in the sentencing hearing in front of the defendant. This amendment is a mere technicality, as the conviction was proven by documentation at the hearing.

At the guilty plea hearing, Bland's counsel stated that "[a]lthough there was a typographical error in the indictment, we feel that it was not a substantive defect in the indictment." Thus, it appears that the wrong case number in the indictment was a typographical error and mere informality, and thus, it could have been amended by the trial court. As a result, we find this issue is without merit.

## CONCLUSION

We affirm the trial court's denial of Bland's petition for post-conviction relief because: (1) there were no disputable facts to entitle Bland to an evidentiary hearing, for the only issue raised in petition was a question of law; (2) claim that indictment was duplicitous is procedurally barred on appeal; and (3) trial court's amendment of the indictment was to correct a mere informality.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**