752 So.2d 410 (1999)
Elvie WILLIAMS a/k/a Elvie Lee Williams, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00332-COA.
Court of Appeals of Mississippi.
November 23, 1999.
*411 Elvie Williams, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE KING, P.J., DIAZ, AND IRVING, JJ.
DIAZ, J., for the Court:
¶ 1. Elvie Williams, the appellant, seeks post-conviction relief after he entered a guilty plea to armed robbery in the Coahoma County Circuit Court. Williams raises the following issues in his appeal: (1) whether his guilty plea was knowingly, intelligently and voluntarily made, (2) whether he was denied due process when the trial court did not hold a competency hearing prior to accepting his guilty plea, (3) whether he was denied effective assistance of counsel, and (4) whether the trial court erred in dismissing his post-conviction petition without an evidentiary hearing. Finding no error, we deny Williams's petition for post conviction relief.

FACTS
¶ 2. On January 23, 1996, Elvie Williams pled guilty to armed robbery in the Coahoma County Circuit Court. He was assisted by his court appointed counsel. The circuit court judge advised Williams of the minimum and maximum penalties for armed robbery plus the rights Williams waived by pleading guilty. Williams stated that he understood what the judge told him, and he admitted to the armed robbery of Nancy Emry.
¶ 3. The trial judge also questioned Williams's plea counsel and his grandmother about whether Williams understood the nature of the proceedings. Thereafter, the trial judge found that Williams understood his guilty plea and the consequences of that plea. Williams was sentenced to serve a fifteen year sentence in the custody of the Mississippi Department of Corrections. *412 Williams's motion to vacate was denied. Feeling aggrieved, he perfects this appeal.
DISCUSSION
I. WHETHER WILLIAMS'S GUILTY PLEA WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED
II. WHETHER WILLIAMS WAS DENIED DUE PROCESS WHEN THE TRIAL COURT DID NOT HOLD A COMPETENCY HEARING PRIOR TO ACCEPTING HIS GUILTY PLEA
¶ 4. The initial inquiry in assessing the validity of a plea agreement is whether the defendant voluntarily and intelligently entered such a plea. Banana v. State, 635 So.2d 851, 854 (Miss.1994). To meet these requirements, the defendant must know the nature of the crime with which he is charged and the consequences of his guilty plea. Drennan v. State, 695 So.2d 581, 584 (Miss.1997) (citing Alexander v. State, 605 So.2d 1170, 1172 (Miss. 1992)). The United States Supreme Court relied on the Fifth Circuit Court of Appeals' determination of the voluntariness of a guilty plea and adopted the following standard:
A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).
Brady v. U.S., 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (citations omitted). Ultimately, whether the plea agreement was entered into voluntarily and intelligently is determined on a case-by-case basis. Ball v. State, 57 Md.App. 338, 470 A.2d 361, 365 (1984) (citing U.S. v. Davis, 617 F.2d 677, 687 (D.C.Cir.1979)).
¶ 5. On appeal, Williams argues that the trial court erred in denying his motion to vacate because of his mental incapacity. For purposes of reviewing a decision to forego a competency hearing, the Fifth Circuit Court of Appeals has suggested the following test: "Did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about defendant's competence and alerted him to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense?" Lokos v. Capps, 625 F.2d 1258, 1261 (5th Cir.1980).
¶ 6. Williams directs the Court's attention to excerpts from a psychological evaluation about him that indicated that he suffered from hallucinations and depression. Williams asserts, therefore, that the trial court and his counsel should have conducted a competency hearing before allowing him to plead guilty to armed robbery. The circuit court relied on the psychological assessment of Williams to deny his motion to vacate which emphasized a need for a competency hearing. In short, Dr. Peter Carson stated that it was his belief that Williams understood the nature and the consequences involved in the criminal proceedings against him. Furthermore, he noted that Williams's symptoms of hallucinations were partially treatable with medication.
¶ 7. Additionally, it is helpful to review the dialogue between the trial judge and Williams to determine whether Williams voluntarily, intelligently, and knowingly entered his guilty plea. After determining that Williams understood his constitutional rights, the judge specifically asked Williams if his guilty plea was entered "knowingly, understandingly, freely, and voluntarily." Under oath, Williams answered affirmatively. The trial court also asked both Williams and his plea counsel whether he was under the influence of any *413 drugs or intoxicants at the time of his plea. Both stated that Williams was not under the influence at that time. Likewise, Williams testified that no one coerced or promised him anything in exchange for a guilty plea.
¶ 8. The elements of Drennan were met when the judge asked Williams whether he knew that he was charged with armed robbery. After the State read the substance of the charge against Williams, he admitted to the armed robbery. This plea was an open plea without a recommendation from the State.
¶ 9. Once all of this preliminary information was imparted to Williams, the trial judge asked the defendant whether he wanted to plead guilty, and he affirmatively answered. Since Williams was fully aware of the direct consequences of entering a guilty plea and the record does not reflect any threats, misrepresentations, or improper promises under Brady, Williams has failed to prove his first claim that his plea was involuntary and not freely entered. Under Ball, a defendant's plea agreement is reviewed individually to determine whether it was voluntarily and intelligently entered. As the facts and discussion above show, Williams freely and voluntarily entered his guilty plea for the armed robbery; therefore, his claim of involuntarily accepting a guilty plea is without merit.

III. WHETHER WILLIAMS WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
¶ 10. In order to succeed on any ineffective assistance of counsel claim, the defendant must satisfy the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 477 (Miss.1984), which requires a showing that (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense. "The burden to demonstrate both prongs is on the defendant who faces a strong but rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." Eakes v. State, 665 So.2d 852, 872-73 (Miss.1995). "Only where there is a reasonable probability that without counsel's error the outcome of the trial would have been different will this Court find ineffective representation." Id. at 873.
¶ 11. Williams argues that he received ineffective assistance of counsel because his plea counsel did not seek a competency hearing and because he would not have pled guilty if he knew that a videotape of the crime allegedly did not show him with a weapon. Under the two-prong test of Strickland and Stringer, Williams's arguments fail. First of all, it was Williams's attorney who requested a court ordered mental examination. The fact that Williams does not agree with Dr. Carson's assessment and testimony that he was capable of understanding the nature and consequences of the charges against him and that he was able to assist his plea counsel does not mean that Williams's attorney failed him.
¶ 12. Under oath, Williams testified that he consulted with his attorney about the consequences of pleading guilty. At the plea hearing, Williams stated he understood the substance of the indictment against him as read by the State and which included evidence which would be presented against him. Williams has not rebutted the presumption under Eakes that counsel's performance at the plea agreement fell within the broad spectrum of reasonable professional assistance nor that it prejudiced the defense. Further, a review of the record shows no error in his attorney's performance. As a result, we find Williams's claim of ineffective assistance of counsel to be without merit.

IV. WHETHER THE TRIAL COURT ERRED IN DISMISSING HIS POST CONVICTION PETITION WITHOUT AN EVIDENTIARY HEARING
*414 ¶ 13. The purpose of an evidentiary hearing is for the court to receive evidence in order to make findings of fact. The supreme court held in Milam v. State, 578 So.2d 272, 273 (Miss.1991), that if there are not any disputed or disputable facts, and the question is merely the interpretation of statutes, no evidentiary hearing is required.
¶ 14. Williams did not include an affidavit from his counsel in his post-conviction relief petition, or any statement of good cause regarding his mental incompetency at the time of his guilty plea. In contrast, his sworn statement along with those of his plea counsel and grandmother indicate, as the trial court found without an evidentiary hearing, that Williams was competent and understood the nature and consequences of pleading guilty. Under Milam, unless the petitioner specifies disputed or disputable facts, no evidentiary hearing is required. None were offered here; therefore, this assignment of error is without merit.
¶ 15. The order denying post conviction relief was properly within the discretion of the Circuit Court of Coahoma County; therefore, this Court affirms that decision.
¶ 16. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT, DENYING POST CONVICTION RELIEF, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO COAHOMA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.