867 So.2d 260 (2003)
Robert ROWLAND, Appellant,
v.
Cherryl BRITT, Chief Records Officer, and Mississippi Department of Corrections, Appellees.
No. 2002-CP-01052-COA.
Court of Appeals of Mississippi.
August 26, 2003.
Rehearing Denied November 18, 2003.
Certiorari Denied March 4, 2004.
Robert Rowland, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before KING, P.J., BRIDGES and IRVING, JJ.
KING, P.J., for the Court.
¶ 1. Rowland was convicted in 1979 of two counts of murder and two counts of armed robbery in the Circuit Court of Washington County, Mississippi. He was *261 sentenced to two life terms for the murder convictions and two twenty-four year sentences for the armed robbery convictions. All of the sentences were to be served consecutively in the custody of the Mississippi Department of Corrections. Subsequent to his convictions, Rowland filed a complaint seeking earned time credit for his entire sentence, including the mandatory portion of the armed robbery sentences. That request was denied, and Rowland has appealed that denial by stating the issue as follows:
Whether the trial court erred in disposing of Appellant's claim without an evidentiary hearing, contrary to the trial court's previous opinion and order in Hicks v. Houston, et al., Circuit Court case # 94-0234M, and without regards to House Bill 1113 (Regular Session of 1999).

FACTS
¶ 2. In 1979, Rowland was sentenced to two life terms for murder convictions and two twenty-four year sentences for armed robbery convictions, to be served consecutively in the custody of the Mississippi Department of Corrections. He had begun serving his sentence on February 23, 1979.
¶ 3. The record reveals that on November 26, 2001, the Department of Corrections received a request from Rowland to determine his earned time credit eligibility.
¶ 4. On December 19, 2001, the Department of Corrections responded to Rowland's inquiry regarding earned time by stating:
Your request for Administrative Remedy involves a complaint to the effect that you have not been credited with earned time which you have earned.
The Staff of the Administrative Remedy Program has received and investigated your grievance and the following determination has been made:
As you have previously been advised, earned time can only be applied toward a non mandatory sentence.
Your Sentence Data Computation Sheet is correct.
Therefore, based upon the facts outlined above, your request for further relief is hereby denied.
¶ 5. On February 1, 2002, Rowland filed a civil complaint in the Circuit Court of Sunflower County, Mississippi against the Mississippi Department of Corrections and Cheryl Britt, Chief Records Officer. In his complaint, Rowland alleged that he was convicted in 1979, at a time when the Mississippi Department of Corrections awarded earned time on entire sentences regardless of any mandatory time to be served.
¶ 6. In an order dated June 6, 2002, the trial judge denied Rowland's request for relief and indicated that "[a] life sentence is non-dischargeable." The trial judge stated that Rowland has a parole eligibility date of May 9, 2018, upon which he can be considered for parole. The trial judge determined "that date is calculated by adding ten (10) years of service for each life sentence and ten (10) years of service for each armed robbery sentence. Currently, Rowland is eligible May 9, 2018, a date well in the future. All reduction due Rowland to date has been subtracted from the statutory forty (40) years service he must do day for day for parole eligibility (See: MCA § 4-7-3)[sic]. Rowland's parole time is properly computed by the Mississippi Department of Corrections and he is due no relief."

ISSUE AND ANALYSIS
Whether the trial court erred in disposing of Rowland's claim without an evidentiary hearing.
*262 ¶ 7. Rowland asserts that the trial court erred in disposing of his claim without an evidentiary hearing, contrary to the trial court's opinion in the circuit court case of Hicks v. Houston, 94-0234M and without regard to House Bill 1113.
¶ 8. In regards to evidentiary hearings, Miss.Code Ann. § 99-39-19(1) (Rev.1994) of the Post Conviction Collateral Relief Act reads:
(1) If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require.
Clearly, the trial court is not required to grant an evidentiary hearing on every petition it entertains. McMillian v. State, 774 So.2d 454(¶ 6) (Miss.Ct.App.2000). "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss.Code Ann. Section 99-39-11(2) (Rev.1994).
¶ 9. The purpose of an evidentiary hearing is for the court to receive evidence in order to make findings of fact. Lyle v. State, 756 So.2d 1(¶ 7) (Miss.Ct.App.1999). The supreme court held in Milam v. State, 578 So.2d 272, 273 (Miss.1991), that if there are not any disputed or disputable facts, and the question is merely the interpretation of statutes, no evidentiary hearing is required. Id. Because there was no disputable fact, but merely a question of statutory interpretation, no evidentiary hearing was necessary.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.