594 So.2d 501 (1992)
STATE of Louisiana
v.
Gerald B. WATKINS.
Nos. 91-KA-630, 91-KA-631.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 1992.
*502 John M. Crum, Jr., Dist. Atty., LaPlace, for plaintiff-appellee.
M. Craig Colwart, New Orleans, Robert Defrancesch, LaPlace, for defendant-appellant.
Before BOWES, DUFRESNE and CANNELLA, JJ.
DUFRESNE, Judge.
The defendant, Gerald B. Watkins was charged by grand jury indictment with distribution of marijuana and with distribution of cocaine, a violation of LSA-R.S. 40:967A(1).
After a three day jury trial he was found guilty as charged and sentenced to two years at hard labor and fined $1,000 for the distribution of marijuana conviction and twenty-five years at hard labor and fined $15,000 for the distribution of cocaine conviction. The court further ordered that the sentence be served concurrently.
From this conviction the defendant has appealed.

FACTS
In January 1983, the St. John Parish Sheriff's Office commenced "Operation Street Buy" to apprehend drug dealers and users in the Parish. A New Orleans Harbor policeman (Frazier) was obtained to act as an undercover agent to infiltrate the drug scene and purchase drugs.
Frazier met the defendant and purchased cocaine and marijuana and turned over the drugs to Captain Fuselier.
On appeal the defendant has assigned two district court errors.

*503 (1) That he was deprived effective assistance of counsel.
(2) That the trial court imposed an excessive sentence.

ASSIGNMENT NO. 1
Defendant contends that trial counsel's failure to file a motion to quash the indictments based upon the expiration of time limitations set forth in LSA-C.Cr.P. 578 constituted ineffective assistance of counsel which prejudiced the defendant.
LSA-C.Cr.P. art. 578 establishes a two year prescriptive period in which to commence trial from the institution of prosecution for non-capital felonies. Whenever a defendant files a motion to quash or other preliminary plea, the period is suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial. LSA-C.Cr.P. art. 580.
Here, prosecution was instituted on March 22, 1983, when the grand jury returned the indictments; however, on April 5, 1983 the defendant filed a motion to suppress identification in each case which the trial court denied on September 24, 1985.
Although the judgment denying the motion to suppress identification listed only the district court number of the distribution of marijuana charge, it appears that the judgment was rendered in both cases. The motion was filed in each case and a minute entry in case number 83-0099, the distribution of cocaine charge, dated June 17, 1985, indicated that there were motions pending. The judgment also contained an order setting the matter for trial on November 18, 1985, and a minute entry in case number 83-0099 indicated that both the district attorney and defense counsel appeared in court that date and the matter was continued. Following a subsequent continuance the case proceeded to trial, thus the motion no longer remained pending.
Due to the pending motion to suppress, the prescriptive period was suspended for nearly 2½ years; consequently, the trial which commenced on March 17, 1986 was within the prescriptive period and thus a motion to quash would have been baseless.
Considering the above it can be concluded, that the defendant has not presented any evidence which supports that he was denied effective assistance of counsel.
This assignment lacks merit.

ASSIGNMENT NO. 2
Defendant contends that the trial court imposed an excessive sentence in that the sentence was not particularized to defendant's background and the circumstances of his case. Specifically, defendant argues that the trial court failed to adequately consider the mitigating factors of LSA-C.Cr.P. art. 894.1 and the court's finding regarding the quantities of drugs was without any factual basis.
In the instant case the trial court imposed concurrent sentences of two years at hard labor and twenty-five years at hard labor for defendant's convictions of distribution of marijuana and distribution of cocaine, respectively.
In imposing the sentence the trial court adequately complied with LSA-C.Cr.P. art. 894.1 which requires the court to state for the record the considerations taken into account and the factual basis therefor. The court stated that because of the large quantity of packages containing drugs possessed by the defendant he presented an undue risk [of committing another crime] and his active sales of drugs necessitated his placement in a custodial environment. The court further stated that a lesser sentence would depreciate the seriousness of his offense of distributing cocaine which results in a serious harm to the community. The court found that defendant acted under a strong provocation to make money and that his conduct would facilitate others to commit crimes. After indicating that there was no victim to be compensated the court reviewed defendant's criminal history which it found to be "not remarkable"; however, the court noted that there were some pending cases. The court then found that imprisonment would not entail excessive hardship to defendant's dependents.
*504 Additionally, the trial court stated the following regarding the distribution of cocaine conviction:
"... I impress upon you again, that although during the trial of this matter we were dealing with a very small, minute segment of the paraphernalia, the testimony at the trial revealed that you had many packets of cocaine and marijuana in your glove compartment, from which the undercover agent could choose to purchase any or all, and in the sentencing guidelines, this is what prompts me to move this case into the realm of a serious violation, against which the community must speak out."
That finding concerning the quantities of drugs possessed by the defendant was supported by the record in that the undercover officer testified that defendant had several foil packages of cocaine from which to choose and several bags of marijuana concealed in the glove compartment.
Having found compliance with LSA-C.Cr.P. art. 894.1 along with a factual basis to support the above finding, it must be determined whether the trial court abused its wide discretion in imposing the sentences.
At the time of the offense the sentence for distribution of marijuana was imprisonment at hard labor for not more than ten years and a fine of not more than $15,000.00, while the sentence for distribution of cocaine has imprisonment at hard labor for not less than five years nor more than thirty years with the option available of a fine of not more than $15,000.00. LSA-R.S. 40:966B(2) & 967 B(1). The defendant's two year and twenty-five year sentences are within the statutory limits and the two year is at the lower end of the sentencing range. Further, the trial court ordered that the sentences were to be served concurrently.
The twenty-five year sentence imposed for distribution of cocaine is near the maximum sentence of thirty years at hard labor. The imposition of the maximum sentence provided by LSA-R.S. 40:967 B(1) has been upheld by the courts. See State v. Cann, 471 So.2d 701 (La.1985); State v. Lamb, 566 So.2d 462 (La.App. 2nd Cir.1990), writ denied, 569 So.2d 985 (La.1990).
Although the sentences are quite stern we do not find them excessive. The defendant was engaged in the sale of drugs and had an adequate supply available for sale.
The assignment lacks merit.
We have further reviewed the record for errors patent.
The minute entries and transcript fail to show that defendant was given credit for time served. LSA-C.Cr.P. art. 880 requires a court, when imposing a sentence, to give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. State v. Richard, 525 So.2d 1097 (La.App. 5th Cir.1988), writ denied, 538 So.2d 609 (La.1989). Therefore, it is ordered that the minute entries and commitment, which are absent from the record, be amended to give the defendant credit for time served.
It should be noted that the indictment charging the defendant with distribution of a Schedule II Controlled Dangerous Substance, marijuana, in violation of LSA-R.S. 40:967(A)(1) is erroneous in that marijuana had been reclassified by the legislature as a Schedule I substance at the time of the offense. The indictment should have charged defendant with a violation of LSA-R.S. 40:966(A)(1), the statute dealing with the distribution of Schedule I drugs, rather than LSA-R.S. 40:967(A)(1) which proscribes production of Schedule II drugs. Notwithstanding this technical error, the indictment adequately informed defendant of the nature of the charge against him (distribution a controlled dangerous substance, namely, marijuana) and defendant was not prejudiced by the defect. A technical insufficiency in an indictment may not be raised for the first time after conviction where the indictment fairly informs the accused of the charge against him and the defect does not prejudice him. State v. Dowling, 387 So.2d 1165 (La.1980).
Furthermore, a remand for resentencing is unwarranted because both statutes at the time of the offense provided for *505 the same sentencing range, i.e., imprisonment at hard labor for not greater than ten years and a possible fine of not greater than $15,000.
Accordingly, for the above reasons, the conviction and sentence are affirmed; however credit for time served is to be reflected in the record.
AMENDED AND AFFIRMED.
BOWES, J., concurs in part and dissents in part.
BOWES, Judge, concurring in part and dissenting in part.
My characterization as a jurist has most often been described as a conservative, a classification with which I agree. However, there are cases in which the imposition of a long sentence stands out as unjust.
Therefore, while I agree with my colleagues that defendant's convictions should be affirmed, I believe that the defendant's sentence of 25 years for distribution of cocaine, under the circumstances of this particular case, is excessive.
The record reflects that defendant was nineteen years old and a first offender at the time of the commission of the crime. Although defendant possessed several packages of drugs, from the record it appears he was engaged in a very small time operation. Furthermore, the defendant's criminal history was "unremarkable" and while the trial court noted that defendant had "some pending cases" he did not give any detail of the nature of these pending cases. Therefore, in my view, it was improper for him to rely on such "pending cases" to apparently enhance the defendant's sentence. Ergo, I feel that the imposition of a 25 year sentence on this defendant is excessive. Compare State v. Tilley, 400 So.2d 1363 (La.1981).
Accordingly, I concur in the opinion insofar as it affirms defendant's convictions, and dissent from that part which affirms defendant's sentence of 25 years, as I would annul the sentence and remand the case for resentencing in compliance with LSA-C.Cr.P. art. 894.1.