840 So.2d 818 (2003)
Dave HOUSTON, Jr. and Paul D. Houston, a/k/a Donnell, Appellants,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00365-COA.
Court of Appeals of Mississippi.
March 18, 2003.
*819 Dave Houston, Jr., and Paul D. Houston (Pro Se), attorneys for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before SOUTHWICK, P.J., LEE and MYERS, JJ.
LEE, J., for the court.
¶ 1. Brothers Dave and Paul Houston were teenagers in August 1996 when they held up a Subway restaurant. Both subsequently pled guilty to charges of armed robbery and kidnaping. Dave was sentenced to sixteen years, with eleven years to serve and five years suspended, and Paul was sentenced to fifteen years with ten years to serve and five suspended. The Houstons filed a joint motion for reconsideration of sentence in February 2002, and the motion was denied. In the motion, the Houstons claimed that, according to their sentencing order, they were entitled to have their sentences reduced, terminated or reconsidered due to language which states that the last five years of their sentences would be suspended "until the Court in term time, or the Judge in vacation, shall alter, extend, terminate or direct the enforcement of the above sentence." In denying the motion, the judge explained:
The phrase "alter, extend, terminate, or direct the enforcement of the above sentence" refers to this Court's power to require the Defendants/Movants to serve all or part of the suspended portions of their sentences in the physical custody of the Mississippi Department of Correction in the event that they might violate the conditions set by their Sentencing Orders. This phrase has no relevance to the portion of their Sentencing Orders requiring them to serve the first eleven (11) years of their sixteen (16) years [sic] sentences in the physical custody of the Mississippi Department of Corrections.
¶ 2. First, we find that review of the Houstons's motion for reconsideration of sentence falls under Miss.Code Ann. § 99-39-5 concerning post-conviction relief and, thus, is barred by the three-year statute of limitations. Procedural bar notwithstanding, we also find that the Houstons were not entitled to an evidentiary hearing as their issue did not involve questions of fact, but mere interpretation of their sentencing order. See Williams v. State, 752 So.2d 410(¶ 13) (Miss.Ct.App.1999).
¶ 3. As the trial judge pointed out, the Houstons fail to recognize that the provision at issue applies to conditions regarding suspension of their sentences and does not concern their alleged right to have the judge review and possibly alter or terminate their sentences. We find no abuse of discretion in the trial court's decision on this issue.
¶ 4. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT DENYING *820 POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.