# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 1, 2009

No. 07-30728

Charles R. Fulbruge III
Clerk

CRAIG WILSON

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-890

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Pursuant to our grant of a certificate of appealability ("COA"), prisoner Craig Wilson appeals the district court's denial of his 28 U.S.C. § 2254 petition as untimely. Wilson contends that his conviction became final on the day that the Louisiana Supreme Court ("LSC") denied his motion for rehearing, which would render his § 2254 petition timely. The district court dismissed Wilson's § 2254 petition, finding that since LSC rules do not permit consideration of a motion for rehearing where the LSC has merely granted or denied a writ, the motion for rehearing did not affect the finality of Wilson's conviction. For the following reasons, we REVERSE and REMAND.

I

Wilson was convicted by a jury in 1998 of attempted murder and sentenced to a 40-year term of imprisonment. The Louisiana appellate court affirmed Wilson's conviction by decision dated May 11, 2001. On September 13, 2002, the LSC denied Wilson's timely writ application by a 4-3 margin. Wilson filed a *pro se* motion for rehearing on September 27, 2002. The LSC denied this motion on June 27, 2003, although one of the LSC justices voted to grant reconsideration. *See State v. Wilson*, 847 So. 2d 1258 (La. 2003). There is no indication in the record that Wilson sought a writ of certiorari from the United States Supreme Court.

On February 25, 2004, Wilson filed a state habeas application , which was denied. The state appellate court subsequently denied Wilson's writ application. The LSC also denied Wilson's writ application on December 16, 2005.

Wilson filed his § 2254 petition no earlier than the date he signed it, January 30, 2006. In this petition he raised nine claims for relief, including violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), ineffective assistance of counsel, solicitation of perjured testimony, and prosecutorial misconduct. The respondent answered the petition, arguing that Wilson's § 2254 petition was untimely. The magistrate judge ("MJ") ordered the respondent to file a supplemental response addressing the merits of Wilson's claims and any other defenses the state wished to assert. The Respondent complied with this order.

The MJ issued a report recommending that Wilson's § 2254 petition be dismissed as time barred. The MJ determined that Wilson's conviction became final on December 12, 2002, upon the expiration of the 90-day period for seeking a writ of certiorari from the United States Supreme Court following the LSC's denial of Wilson's writ application. Noting that the rules of the LSC do not permit consideration of a motion for rehearing where the LSC has merely

granted or denied a writ, the MJ determined that the motion for rehearing filed with the LSC did not affect the finality of Wilson's conviction. Accordingly, the MJ found that the statute of limitations applicable to § 2254 petitions expired on December 12, 2003, because Wilson had no properly filed requests for post-conviction relief or other collateral review pending during the one-year limitations period. Wilson's request for rehearing, the MJ found, did not toll the limitations period because it was not "properly filed," and Wilson's 2004 state habeas application also had no tolling effect because the limitations period had already expired. Finally, the MJ concluded that Wilson was not entitled to equitable tolling.

Wilson timely objected to the MJ's report, arguing that the MJ had erred in determining that his § 2254 petition was time barred because his conviction had not become final until the LSC denied his motion for rehearing. He also argued that he was entitled to equitable tolling.

The district court adopted the MJ's report and dismissed Wilson's § 2254 petition. Wilson filed a timely COA motion, which the district court denied. We granted a COA on the issue of whether Wilson's § 2254 petition was timely filed, but denied a COA on the issue of whether Wilson was entitled to equitable tolling. *Wilson v. Cain*, No. 07-30728 (5th Cir. May 14, 2008) (unpublished).

II

Wilson contends that the district court erred in its determination that his § 2254 petition was untimely, arguing that the district court improperly found that his motion for rehearing did not affect the finality of his conviction. Wilson asserts that his conviction did not become final until his motion for rehearing was denied by the LSC and that he was entitled to statutory tolling during the pendency of state habeas proceedings, making his petition timely. We review the district court's findings of fact for clear error, and its legal conclusions *de*

*novo. Geiger v. Cain*, 540 F.3d 303, 307 (5th Cir. 2008), *petition for cert. filed* (Nov. 3, 2008) (No. 08-8679).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must file his § 2254 petition within one year from the date that his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman,* 129 S.Ct. 681, 685-86 (2009) (explaining the rules for calculating the one-year period under § 2244(d)(1)(A)). Pursuant to § 2244(d)(2), the period during which a properly-filed application for state habeas corpus relief is pending is not counted towards the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). A properly-filed state post-conviction application remains pending for tolling purposes until its final resolution through the ordinary state collateral review process. *Dixon v. Cain*, 316 F.3d 553, 554-55 (5th Cir. 2003); *see also* 28 U.S.C. § 2244(d)(2). A state post-conviction application is "properly filed" for purposes of § 2244(d)(2) if it was submitted according to the state's procedural requirements. *Villegas v. Johnson*, 184 F.3d 467, 469, 470 & n.2 (5th Cir. 1999). Procedural filing requirements are "those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review." *Id.* at 470 n.2.

A judgment by the Louisiana Supreme Court becomes final when the 14-day period for applying for a rehearing has expired and no application has been made. *See* LA. CODE CRIM. PROC. art. 922(A) & (B); *see also* LA. SUP. CT. R. IX, § 1 (granting 14 days from the mailing of the notice of judgment to file an application for rehearing). However, Rule IX, § 6 of the Louisiana Supreme Court Rules provides that an application for rehearing "will not be considered when the court has merely granted or denied an application for a writ of certiorari or a remedial or other supervisory writ . . . ." LA. SUP. CT. R. IX, § 6; *see also State v. James*, 329 So. 2d 713, 717 (La. 1976) (Tate, J., concurring). As

noted above, the MJ relied on Louisiana Supreme Court Rule IX, § 6 in determining that the finality of Wilson's conviction was not affected by Wilson's filing of a motion for rehearing following the LSC's denial of his writ application.

However, Louisiana courts do not invariably apply Louisiana Supreme Court Rule IX, § 6 to procedurally bar motions for rehearing where the LSC has merely granted or denied a writ application. Wilson correctly cites several cases where Louisiana courts have elected to grant rehearing despite this rule. In *State v. Vale*, for example, the Louisiana appellate court affirmed the trial court's conviction and sentence. *See State v. Vale*, 650 So. 2d 379, 380 (La. App. 1995). The LSC subsequently denied the defendants' writ application with a one-word denial. *See State v. Vale*, 661 So. 2d 1358, 1358 (La. 1995). Despite Rule IX, § 6, the LSC later granted the defendant's request for reconsideration and granted the writ application. *See State v. Vale*, 664 So. 2d 410, 410 (La. 1995). Similarly, in *State ex rel. Glass v. State*, 507 So. 2d 1245, 1245 (La. 1987), the LSC initially denied the defendant's application for a writ of habeas corpus and for a supervisory writ with a one-word denial. Three days later, the LSC granted the defendant's request for reconsideration in spite of Rule IX, § 6, but denied the writ application. *See State ex rel. Glass v. State*, 507 So. 2d 1246, 1246 (La. 2005). Again, in *James v. Cain*, 653 So. 2d 552, 552 (La. 1995), the LSC initially issued a one-word denial of the writ application, but subsequently granted the applicant's request for reconsideration and ordered an evidentiary hearing. *See James v. Cain*, 653 So. 2d 1179, 1179 (La. 1995). In the instant case, Wilson's request for rehearing was denied, but one justice indicated that he would grant rehearing.

We have previously considered an analogous issue in *Emerson v. Johnson*, 243 F.3d 931 (5th Cir. 2001). In *Emerson*, we considered whether a Texas prisoner's "suggestion for reconsideration" was "properly filed" under § 2244(d)(2), and thus triggered statutory tolling of the limitations period, despite

a Texas rule that provided: "'No motions for rehearing or reconsideration will be entertained from a denial of relief without docketing of the cause. The court, however, may on its own motion, reconsider such initial disposition.'" *Id.* at 934 (quoting TEX. R. APP. PROC. § 213(b)). Although we observed that this rule "seemingly provides no exceptions," we determined that "the Texas Court of Criminal Appeals has entertained motions for reconsideration, notwithstanding the language in § 213(b)." *Id.* We ultimately concluded in *Emerson* that the prisoner's "suggestion for reconsideration" had been "properly filed" although the language of § 213(b) might be read to prohibit such a filing. *See id.* at 935. This conclusion, we observed, was in deference to Texas courts' application of state law, and also furthered the congressional rationale in passing AEDPA of requiring habeas petitioners to exhaust their claims in state courts. *Id.*

The issue in *Emerson* was whether a motion for reconsideration served to toll the one-year limitations period under the provisions of § 2244(d)(2). *See id.* at 932. The instant case presents a somewhat different, but related question, as it concerns whether a motion for rehearing affects the finality of a defendant's conviction and thus the commencement of the one-year limitations period. However, this case and *Emerson* involve the common issue of whether a state procedural rule that prohibits motions for rehearing and that seemingly permits no exceptions should be applied in the context of the one-year AEDPA limitations period where the decisions of state courts "have provided . . . the hope that a motion or suggestion for reconsideration may be successful." *Id.* at 935. Following our precedent in *Emerson,* we conclude in this case that since the LSC has entertained motions for rehearing notwithstanding the language in Louisiana Supreme Court Rule IX, § 6, this rule does not prevent Wilson's

motion for rehearing from being considered in determining the date his conviction became final.[1]

As noted above, under § 2244(d)(1)(A), a state judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." Where, as here, the appellant does not seek a writ of certiorari from the United States Supreme Court, "finality [is] established by the expiration of the ninety-day period to seek further review with the Supreme Court." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Under the rules of the United States Supreme Court in effect at the time the LSC denied Wilson's motion for rehearing, the 90-day period for filing a certiorari petition was affected by a "timely filed" petition for rehearing. *See* SUP. CT. R. 13; *Dep't of Banking, State of Nebraska v. Pink*, 317 U.S. 264, 266 (1942) ("A timely petition for rehearing tolls the running of the three-months period because it operates to suspend the finality of the state court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties."). The rule provides:

> [I]f a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

SUP. CT. R. 13(3).

---

[1] Respondent argues that our decision in *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008), requires the conclusion that Wilson's motion for rehearing should not affect the date his conviction became final. We disagree. In *Butler*, we determined that an untimely writ application filed with the LSC did not affect the date on which a conviction became final. *See Butler*, 533 F.3d at 317. Here, we are confronted with the different question of whether a timely-filed motion for rehearing affects the date of final conviction. Accordingly, so long as Wilson's application for rehearing was filed within the required time frame, the issue we resolved in *Butler* has no application here.

The record indicates that Wilson's motion for rehearing was filed within the 14-day period permitted under Louisiana law for filing such a motion. *See* LA. SUP. CT. R. IX, § 1 (stating that an "application for rehearing must be filed with the clerk on or before the fourteenth calendar day after the mailing of the notice of judgment"). Wilson's motion for rehearing contained a certificate of service indicating that he served the motion on the respondent by mailing it on September 27, 2002. His motion would be considered filed on the date that he deposited the motion in the prison mail system for mailing to the LSC. *See Causey v. Cain*, 450 F.3d 601, 603-07 (5th Cir. 2006) (applying "mailbox rule" to state court filings of Louisiana prisoner in determining timeliness of federal habeas petition). It thus appears that Wilson's motion for a rehearing was timely filed following the LSC's Sept. 13, 2002, denial of his writ application. Accordingly, the motion for rehearing must be considered in determining the finality of Wilson's conviction.

Therefore, we find that Wilson's conviction became final on or about September 25, 2003, 90 days after the June 27, 2003, denial of the motion for rehearing. *See* SUP. CT. R. 13; *Roberts*, 319 F.3d at 694. Since Wilson's conviction became final in September 2003, his § 2254 petition, filed on January 30, 2006, is not untimely given that Wilson is entitled to tolling during the pendency of his state habeas proceedings, which commenced on February 25, 2004, and concluded on December 16, 2005. *See* 28 U.S.C. § 2244(d)(2).

### III

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.