**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-30167
Summary Calendar

JOHN L. BUNIFF,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-1779

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

John L. Buniff, Louisiana prisoner # 434890, was convicted of second-degree murder and sentenced to imprisonment for life. Buniff now seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 application as time barred.

A COA will issue only if Buniff has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Because his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application was dismissed on procedural grounds, Buniff must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court found that, for purposes of calculating the one-year federal limitations period, Buniff's conviction became final on May 9, 2003. The district court found that Buniff's timely motion for reconsideration in the Louisiana Supreme Court did not alter this conclusion. However, after the district court ruled in this case, we held that a timely filed motion for reconsideration should be considered in determining when an applicant's conviction became final. *See Wilson v. Cain,* 564 F.3d 702, 706 (5th Cir. 2009). When Buniff's timely motion for reconsideration is considered, we conclude that his § 2254 application was filed on the last day of the federal limitations period. Because Buniff's application was not time barred, reasonable jurists would find the district court's procedural dismissal to be debatable. *See Slack,* 529 U.S. at 484.

Buniff also must state a valid claim for the denial of a constitutional right. *See Slack*, 529 U.S. at 484; *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). Buniff argues that his trial counsel was ineffective in several respects. However, because the district court did not consider the substance of Buniff's claims, the record is insufficiently developed with respect to his claims that counsel was ineffective. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).

Therefore, we grant Buniff a COA on the issue of the timeliness of his § 2254 application, vacate the judgment of the district court, and remand this case for consideration of the merits of Buniff's claims.

COA GRANTED; VACATED; REMANDED.