# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

No. 09-60186
Summary Calendar

Lyle W. Cayce
Clerk

MORRIS R. FRITH,

Petitioner - Appellant

v.

CHRISTOPHER B EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT
OF CORRECTIONS,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:08-CV-484

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Morris R. Frith, Mississippi prisoner #R0419, appeals the dismissal of his 28 U.S.C. § 2254 petition as untimely. He argues that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limitations period did not expire because he had filed a motion to reconsider his sentence in state court. We granted a certificate of appealability ("COA") to determine whether Frith's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60186

motion to reconsider his sentence prevented the statute of limitations from running or tolled the limitations period under 28 U.S.C. § 2244(d)(1) or (d)(2).[1] For the following reasons, we AFFIRM the district court's dismissal of Frith's habeas petition as time-barred.

## I. Factual & Procedural Background

Frith pleaded guilty to attempted rape, armed robbery, and grand larceny. On February 19, 1997, Frith was sentenced to serve consecutive sentences of ten years imprisonment for attempted rape, ten years imprisonment for armed robbery, and five years imprisonment for grand larceny. On February 28, 1997, Frith filed a motion to reconsider his sentence in the Mississippi circuit court. The court apparently never ruled on the motion. Frith did not file a direct appeal.

On February 10, 2000, Frith filed a petition for state habeas relief in Mississippi circuit court. The court held an evidentiary hearing and subsequently denied relief. The state appeals court affirmed on October 2, 2007, and denied Frith's petition for rehearing on February 5, 2008. The Mississippi Supreme Court initially granted Frith's petition for writ of certiorari, but dismissed that petition on June 9, 2008, as improvidently granted.

On August 6, 2008, Frith filed the instant § 2254 petition in federal district court. The magistrate judge issued a report recommending that Frith's petition be dismissed as untimely. The magistrate judge concluded that, under § 2254(d)(1), the statute of limitations began running on March 21, 1997, thirty days after Frith pleaded guilty, and expired on March 23, 1998. The magistrate judge determined that Frith's motion to reconsider his sentence was not a

---

[1] We denied Frith a COA on the issue of whether the limitations period should be equitably tolled. On appeal, we address only the narrow issue on which the COA was granted; all other grounds for relief are not properly before this court. *See Kiser v. Johnson*, 163 F.3d 326, 327 n.1 (5th Cir. 1999).

No. 09-60186

motion for post-conviction or other collateral relief under § 2244(d)(2) because it requested reconsideration of the sentence and did not collaterally challenge the merits of the guilty plea or the sentence imposed.  The magistrate judge further stated that Frith's application for state habeas relief did not toll the limitations period because it was not filed until February 10, 2000, well after the one-year limitations period expired on March 23, 1998.

Frith filed objections to the magistrate judge's report and recommendation, arguing that his motion to reconsider his sentence sought collateral relief and that the motion prevented the limitations period from running under § 2244(d). The district court overruled Frith's objections and adopted the magistrate judge's report and recommendation.  Following the district court's denial of Frith's motions for reconsideration and for a COA, Frith moved for a COA in this court. We granted a COA solely on the issue of "whether the motion to reconsider his sentence prevented the statute of limitations from beginning to run or tolled the period pursuant to 28 U.S.C. § 2244(d)(1) or (2)."[2]

## II.  Standard of Review

We review a district court's denial of habeas relief on procedural grounds de novo.  *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004).  AEDPA, which governs Frith's petition, established a one-year statute of limitation for federal habeas petitions brought by state prisoners.  28 U.S.C. § 2244(d)(1).  The limitations period usually begins to run from the date the state court judgment becomes final after direct appeal, or the time for seeking such review expires. § 2244(d)(1)(A).  Under § 2244(d)(2), however, the limitations period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending.  Whether the AEDPA time limits have

---

[2] In the same order, we also granted Frith's motion for leave to proceed *in forma pauperis*.

No. 09-60186

been satisfied is a question of federal, rather than state, law. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

## III. Discussion

Frith asserts that his motion to reconsider his sentence prevented the statute of limitations from running or tolled the statute of limitations under §2244(d)(1) or (d)(2). We disagree.

A.  Section 2244(d)(1)(A)

Under § 2244(d)(1)(A), a state court judgment becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." *Roberts*, 319 F.3d at 693; *Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009). The Supreme Court has held that "direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts and to [the Supreme Court] has been exhausted." *Jimenez*, 129 S. Ct. at 685 (internal quotation marks and citations omitted). "If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.'" *Roberts*, 319 F.3d at 694 (quoting § 2244(d)(1)(A)).

In this case, Frith did not seek direct review of his guilty plea. Accordingly, his judgment of conviction became final on March 21, 1997, thirty days after he was sentenced on his guilty plea. *See* MISS. R. APP. P. 4(a) (stating that a defendant has thirty days to file a notice of appeal from the date of entry of the criminal judgment). Thus, the one-year statute limitations for AEDPA purposes began running on March 21, 1997, and concluded on March 23, 1998.[3]

---

[3] The Respondent contends, and the magistrate judge and district court agreed, that the limitations period was extended for two days because the limitations period otherwise would have expired on a Saturday.

4

Frith asserts that his habeas petition was nonetheless timely under § 2244(d)(1)(A) because he filed a motion for reconsideration in the state court.[4] Construing Frith's brief generously, Frith is arguing that because his motion for reconsideration was never ruled upon and has been pending for over thirteen years, his state-court judgment never became final for purposes of § 2244(d)(1)(A).

This argument lacks merit. While the Mississippi circuit court did not rule—and apparently has not yet ruled—on Frith's motion for reconsideration, Mississippi law makes clear that the circuit court lacked jurisdiction to decide the motion because it was filed after the term of the court ended. The Mississippi circuit court's term ended on February 26, 1997, and Frith did not file his motion for reconsideration until February 28, 1997. Accordingly, the circuit court lacked jurisdiction to entertain Frith's motion for reconsideration and the motion did not affect the court's entry of final judgment. *See Ducote v. State*, 970 So. 2d 1309, 1314 (Miss. Ct. App. 2007) (holding that the circuit court lacked jurisdiction to entertain the prisoner's motion to reconsider his sentence because "[a] judge may not alter or vacate a sentence once the term of court the defendant was sentenced in has ended, thus [the petitioner] was four days late, for jurisdictional purposes, in filing his motion. Further, this motion could not be considered 'pending' under [Mississippi law] because the motion was not filed before the term of court ended").[5] Accordingly, we conclude that Frith's motion

---

[4] Frith did not argue in the district court and does not argue on appeal that his habeas petition is timely under any of the other provisions set forth in § 2244(d)(1)(B)-(D). Accordingly, we do not address the applicability of these provisions.

[5] Frith does not argue that Mississippi courts have jurisdiction to entertain motions for reconsideration filed after the term of the court has ended or that such a motion would, under Mississippi law, affect the finality of Frith's conviction. Accordingly, this case is distinct from the issue we confronted in *Wilson v. Cain*, 564 F.3d 702, 706 (5th Cir. 2009).

for reconsideration did not prevent the statute of limitations from beginning to run under § 2244(d)(1)(A).

B.  Section 2244(d)(2)

Frith also argues that his motion for reconsideration was a motion for post-conviction relief, tolling the statute of limitation under § 2244(d)(2).  Section 2244(d)(2) provides that the one-year statute of limitations is tolled during the pendency of an "application for State post-conviction or other collateral review." Under Mississippi law, post-conviction relief is available only if the prisoner alleges one of nine enumerated grounds.  MISS. CODE ANN. § 99-39-5(1) (2007)(specifying grounds).

Frith did not allege any grounds for post-conviction relief in his motion for reconsideration; rather, he simply requested—without explanation—that the Mississippi circuit court reconsider his sentence.   Because Frith's motion for reconsideration did not request post-conviction relief under Mississippi law, the motion did not toll the statute of limitations under § 2244(d)(2).  *See Gaddy v. Brewer*, No. 1:01-CV-59, 2010 WL 3025027, at *3 (S.D. Miss. July 30, 2010) ("Gaddy did not make any of these allegations [contained in § 99-39-5(1)] in his second Motion to Reconsider Sentence; rather, he merely requested that the Court follow the district attorney's recommendation and afford him leniency . . . . Therefore, his motion was not a motion for post-conviction relief under Mississippi law, and the motion did not toll the limitations period pursuant to Section 2244(d)(2).").[6]

Frith asserts that other Mississippi courts have construed a motion to reconsider a sentence as a motion for post-conviction relief.  But those cases are easily distinguished because, in those cases, the motion, while styled as a motion

---

[6] Because we conclude that Frith's motion for reconsideration was not a motion for "post-conviction or other collateral review," we need not consider whether his motion was properly filed.

No. 09-60186

for reconsideration, raised claims seeking post-conviction relief under § 99-39-5(1). *See Ducote*, 970 So. 2d at 1312 (construing the motion for reconsideration as a motion for post-conviction relief where the motion, inter alia, asserted that the defendant's guilty plea was not voluntary or intelligent); *Houston v. State*, 840 So. 2d 818, 819 (Miss. Ct. App. 2003) ("[W]e find that review of the Houstons's motion for reconsideration of sentence falls under MISS. CODE ANN. § 99-39-5 concerning post-conviction relief . . . ."); *Moore v. State*, 859 So. 2d 1018, 1019 (Miss. Ct. App. 2003) (construing prisoner's declaratory judgment action asserting that his prior conviction was void as a motion for post-conviction relief under MISS. CODE ANN. § 99-39-5).

By contrast, Frith's motion simply asked for reconsideration of his sentence without citing any reasons, grounds, statutes, or rules.[7]  Because his motion for reconsideration of his sentence did not collaterally attack his sentence or otherwise raise grounds for post-conviction relief, his motion did not toll AEDPA's statute of limitations under § 2244(d)(2).

## IV.  Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[7] The State points the court to the decision of the Eleventh Circuit in *Alexander v. Sec'y, Dep't of Corr.*, 533 F.3d 1291, 1297 (11th Cir. 2008) (holding that a motion to review the sentence was not a motion for postconviction or collateral relief) and cites *Robinson v. Golder*, 443 F.3d 718,  720-21 (10th Cir. 2006) (concluding that a motion for reduction of sentence under Colorado Rule of Criminal Procedure 35(b) was a tolling motion).  While other circuits have disagreed about whether motions for reduction or review of a sentence constitute tolling motions, no circuit has held that a bare motion for reconsideration—without citation to a state statute or rule and containing no specified grounds for relief—is sufficient to toll the statute of limitations under § 2244(d)(2).  We express no opinion on whether the outcome in this case would change if Frith's motion for reconsideration contained more detail.