# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30090
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2014

Lyle W. Cayce
Clerk

JAMES KOON,

Plaintiff - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:13-CV-2538

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:*

James Koon, Louisiana prisoner #305523, proceeding *pro se*, contests the dismissal of his August 2013, 28 U.S.C. § 2254 petition, in which he challenges his 1996 conviction and life sentence, pursuant to La. Rev. Stat. § 14:30.1 (second-degree murder), for murdering an infant. Koon based his petition on evidence allegedly not discoverable prior to 2011. The evidence shows the witness for Louisiana, Dr. Steven Hayne, a now-discredited Mississippi

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

coroner, lied about his qualifications as an expert and thus gave unreliable testimony about the cause of death.  The district court concluded the petition was untimely because the factual predicate of Koon's claim was known to him, or could have been discovered through due diligence, more than a year before his filing a state habeas petition in July 2012 that otherwise would have tolled the limitation period for filing his federal habeas petition.  28 U.S.C. § 2244(d)(1)(D) & (d)(2).

The district court granted a certificate of appealability on the issue of when the one-year limitation period of § 2244(d)(1) began.  That period began no later than "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence".  28 U.S.C. § 2244(d)(1)(D).  If that date was earlier than July 2011, the § 2254 petition was untimely.

The district court's legal conclusions are reviewed *de novo*; its factual findings concerning timeliness, for clear error.  *E.g., Wilson v. Cain*, 564 F.3d 702, 704 (5th Cir. 2009).  A factual finding is not clearly erroneous if it is plausible in the light of the record read as a whole.  *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985).

The factual predicate of a claim is discovered when the petitioner has knowledge of the legal and factual basis for it.  *E.g., Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).  The start of the limitation period is not delayed further while petitioner gathers all the evidence that might support the claim.  *Id.* at 198-99.  A petitioner's diligence in discovering the facts needed to state a claim "must merely be due or reasonable under the circumstances".  *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008) (citation omitted).

Koon's claim is imprecise, but he states generally that Dr. Hayne was not properly certified or qualified to testify as an expert, and that he

misrepresented certification in forensic pathology. Koon asserts he could not have known Dr. Hayne was unreliable until he received a report from the National Inmate Advocacy Program (NIAP) in September 2011.

The district court adopted the Magistrate Judge's report and recommendation, which recommended that correspondence to Koon from the NIAP, its predecessor Review Case Research, and Koon's trial counsel showed Koon had knowledge of Dr. Hayne's unreliability and untruthfulness at least as early as June 2010. That adopted recommendation was not clearly erroneous. *E.g., Wilson*, 564 F.3d at 704.

For example, the news media also severely criticized Dr. Hayne between 2006 and 2008; he filed a defamation action in 2009 against the Innocence Project, based on its criticisms of him; and a Mississippi Supreme Court Justice criticized Dr. Hayne as unqualified in 2007. *Edmonds v. State*, 955 So. 2d 787, 802-03 (Miss. 2007) (Diaz, P.J., concurring). Koon's assertion that he could not have learned of *Edmonds* from information in the Louisiana State Penitentiary law library is both implausible and immaterial in the light of the public information about Dr. Hayne that was available for several years prior to July 2011.

Koon discovered, or should have discovered, the factual predicate of his claim about Dr. Hayne more than a year before he filed the state habeas petition that would have tolled the limitation period. Because the limitation period expired before it was tolled, Koon's petition is untimely.

AFFIRMED.