# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2021

Lyle W. Cayce
Clerk

No. 19-30628
Summary Calendar

Dallas Staden,

*Petitioner—Appellant*,

*versus*

Troy Poret, *Warden*, *Avoyelles Correctional Center*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-310

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Dallas Staden, Louisiana prisoner # 522987, appeals the district court's dismissal of his 28 U.S.C. § 2254 application as time barred. The district court granted Staden a certificate of appealability (COA) to consider

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

whether he was entitled to statutory tolling of the federal limitation period pursuant to 28 U.S.C. § 2244(d)(2).

Under § 2244(d)(1), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Except in circumstances not applicable in this case, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The one-year period is statutorily tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). We review the district court's findings of fact in applying § 2244(d) for clear error and its legal conclusions de novo. *See Wilson v. Cain*, 564 F.3d 702, 704 (5th Cir. 2009).

Staden's conviction became final on February 14, 2013, upon the expiration of the 90-day period for him to seek relief in the United States Supreme Court in connection with the direct appeal of his conviction in state court. Seventy-five days later, on April 30, 2013, Staden filed his application for postconviction relief (PCR) in the state trial court. The trial court denied his application and established March 3, 2014, as the return date for him to file an application for supervisory writs in the Louisiana appellate court. Staden timely filed a writ application, which the court "denied on the showing made." However, the appellate court permitted Staden to file a corrected writ application "on or before June 3, 2014." Staden then filed his corrected application on April 25, 2014.

The district court found that the limitation period was not tolled under § 2244(d)(2) during the 53-day period between March 3, 2014, and April 25, 2014, on the ground that his writ application was not "properly filed," and, as such, that Staden's § 2254 application "was 43 days too late."

No. 19-30628

The district court's findings in this regard were erroneous. *See Leonard v. Deville*, 960 F.3d 164, 169-73 (5th Cir. 2020). There is nothing to indicate that Staden's PCR application was not "properly filed" in the Louisiana trial court, and, accordingly, his application tolled the limitation period under § 2244(d)(2) for as long as the application remained "pending." *See id.* at 168. When the Louisiana appellate court initially denied his writ application and expressly allowed him to file a corrected writ application by June 3, 2014, the court extended the time for Staden to seek review of the trial court's dismissal of his PCR application. *See id.* at 169-70. In light of this and Staden's filing of a corrected writ application by the return date established by the Louisiana appellate court, Staden's "state post-conviction process remained in continuance and therefore pending under" § 2244(d)(2). *Id.* at 170 (internal quotation marks and citation omitted).

Based on the foregoing, we hold that the district court erred in finding that the limitation period was not tolled during the 53-day period between March 3, 2014, and April 25, 2014, the date that Staden filed his corrected writ application. Because only 355 days of the limitation period had elapsed when Staden filed his § 2254 application, we further hold that the district court erred in dismissing his application as untimely.

The district court's judgment is VACATED and the case is REMANDED for further proceedings consistent with this opinion.